UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA GEBHART,
    Plaintiff

vs. : CIVIL NO. 1:12-CV-1837

DAVID STEFFEN and
TIMOTHY J. BARKER,
    Defendants

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion to dismiss filed by Defendant, Timothy J. Barker. This matter relates to the criminal prosecution of Plaintiff, Gloria Gebhart. Plaintiff filed the instant action, alleging Defendants maliciously prosecuted her and abused the legal process.

*II.    Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Defendant David Steffen, a police officer, brought baseless charges against Plaintiff, including corrupt organization, deceptive business practices, theft by deception, and criminal conspiracy to commit theft by deception. Defendant Barker, an Assistant District Attorney for York County, advised

Steffan about the charges to bring against Plaintiff and participated in the investigation of the case. Plaintiff alleges that these charges were brought in retaliation for her son bringing a civil rights action against York County officials. As a result of being prosecuted, Plaintiff spent tens of thousands of dollars on her legal defense. On November 17, 2010, a jury found Plaintiff not guilty on all charges. Plaintiff filed the instant action, alleging Defendants violated her rights to be free from malicious prosecutions and abuse of process.

III.     Discussion

    *A. Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662,

129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation. Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

### *B. Malicious Prosecution*

Defendant Barker moves to dismiss Plaintiff's malicious prosecution claim. To state a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must demonstrate:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in the plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding

DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005) (citation omitted). Defendant argues that Plaintiff has not alleged the fifth element, a deprivation of liberty. After careful review of the complaint, we agree. There are no allegations that Plaintiff

was arrested or suffered any deprivation of liberty.  Plaintiff responds that she was arrested and requests leave to amend the complaint to reflect this fact.

### C. Abuse of Process

Defendant argues that Plaintiff failed to state a claim for abuse of process. Such a claim, when brought pursuant to section 1983, "lies where prosecution is initiated legitimately and thereafter is used for a purpose other than intended by the law." Rose v. Bartle, 871 F.2d 331, 350 n. 17 (3d Cir. 1989) (citation and internal quotation omitted). "[T]he gravamen of [a malicious abuse of process claim] is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." Dunne v. Twp. of Springfield, 2012 U.S. App. LEXIS 20521, *6 (3d Cir. 2012) (quoting Restatement (Second) of Torts § 682 cmt. a (1965)).

Under Pennsylvania state law, abuse of process requires a plaintiff to show that the defendant "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. 1998). "[T]he gist of an action for abuse of process is the improper use of process *after it has been issued*, that is, a perversion of it." McGee v. Feege, 517 Pa. 247, 252, 535 A.2d 1020 (Pa. 1987) (emphasis added).

Plaintiff's complaint focuses on injuries she suffered as a result of Defendants bringing "exaggerated and trumped up charges, without probable cause . . .

4

" (Doc. 1, ¶ 1). She does not allege that, after initiation of the criminal proceedings, Defendant Barker misused the legal process in any way. For this reason, Plaintiff has failed to state a claim for abuse of process.[1] See Napier v. City of New Castle, 407 Fed. App'x 579, 582 (finding "the initial filing of criminal charges and [plaintiff's] arrest, if improper, would constitute malicious prosecution, not abuse of process.") (non-precedential); McGee, 517 Pa. at 258 (explaining that "the bringing of an action; a malicious or unfounded suit, and the lack of probable cause . . . are factors germane to an action for malicious [prosecution], not to an action for abuse of process.").

*E. Prosecutorial Immunity*

Because we agree that Plaintiff has failed to state a claim against Defendant Barker, we need not address whether he is entitled to prosecutorial immunity.

*IV.    Conclusion*

For the reasons above, Defendant's motion to dismiss will be granted. As requested, Plaintiff will be granted leave to amend her complaint.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

[1] We note that Plaintiff never alleges that Defendant Barker used any legal process. The complaint only alleges that he advised Defendant Steffan about the charges to bring against Plaintiff. See Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. 1998) (finding a plaintiff must show that the defendant "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.").

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA GEBHART,<br>　　Plaintiff | :<br>:<br>: |
| vs. | : CIVIL NO. 1:12-CV-1837<br>:<br>: |
| DAVID STEFFEN and<br>TIMOTHY J. BARKER,<br>　　Defendants | :<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 15th day of January, 2013, upon consideration of Defendant's motion to dismiss (doc. 8), and Plaintiff's response thereto, and pursuant to the accompanying Memorandum, it is ordered that said motion is GRANTED and Plaintiff's complaint is dismissed as to Defendant Barker. Plaintiff is given leave to file an amended complaint within twenty days hereof, if she desires to do so.

　　　　　　　　　　　　　　　　　　/s/William W. Caldwell
　　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　　United States District Judge