UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLORIA GEBHART, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL NO. 1:12-CV-1837 |
| | : | |
| | : | |
| DAVID STEFFEN and | : | |
| TIMOTHY J. BARKER, | : | |
| Defendants | : | |
| | : | |

*M E M O R A N D U M*

*I.        Introduction*

We are considering a motion to dismiss the amended complaint filed by

Defendant, Timothy J. Barker.  This matter relates to the criminal prosecution of Plaintiff,

Gloria Gebhart.  Plaintiff filed the instant action, alleging Defendants maliciously

prosecuted her and abused the legal process.  On January 15, 2013, we granted

Defendant's motion to dismiss the complaint and gave Plaintiff leave to amend.  On

February 5, 2013, Plaintiff filed an amended complaint.

*II.        Background*

The following facts are set forth in Plaintiff's amended complaint and are

taken as true, as they must be when considering a motion to dismiss.  Fowler v. UPMC

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  Defendant David Steffen, a police officer,

brought baseless charges against Plaintiff, including corrupt organization, deceptive

business practices, theft by deception, and criminal conspiracy to commit theft by deception. Defendant Barker, an Assistant District Attorney for York County, advised Steffan about the charges to bring against Plaintiff. Plaintiff alleges that these charges were brought in retaliation for her son bringing a civil rights action against York County officials. As a result of being charged, Plaintiff was "handcuffed and incarcerated." Her bond was set at $100,000.00. She was ordered to attend all pretrial events and spent tens of thousands of dollars on her legal defense. On November 17, 2010, a jury found Plaintiff not guilty on all charges. Plaintiff filed the instant action, alleging Defendants violated her rights to be free from malicious prosecutions and abuse of process.

*III.*        *Discussion*

        *A. Standard of Review*

        Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The

2

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662,

129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and

conclusions" are not enough, and a court "'is not bound to accept as true a legal

conclusion couched as a factual allegation. Twombly, 550 U.S. at 555 (quoted case

omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis."

Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal

elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

'plausible claim for relief.'" Id. at 211 (quoted case omitted).

*B. Malicious Prosecution*

Defendant Barker moves to dismiss Plaintiff's malicious prosecution claim.

To state a claim for malicious prosecution, a plaintiff must demonstrate:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in the plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing
> the plaintiff to justice; and
> (5) the plaintiff suffered a deprivation of liberty consistent with the concept
> of seizure as a consequence of a legal proceeding

DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005) (citation omitted).

Malicious prosecution is actionable under 42 U.S.C. § 1983 because "it undermines an

individual's right to be free from unreasonable seizures under the Fourth Amendment."

Davis v. Malitzki, 451 Fed. Appx 228, 231 (3d Cir. 2011) (nonprecedential).  Defendant

argues that the amended complaint fails to allege the fifth element, a deprivation of

liberty.  Plaintiff responds that her allegations that she was handcuffed, incarcerated,

posted bail, and was required to attend pretrial events amount to a constitutionally

significant deprivation of liberty.

      "Pretrial custody and some onerous types of pretrial, non-custodial

restrictions constitute a Fourth Amendment seizure."  Id. at 603.  Plaintiff's amended

complaint does not allege that she was subject to pretrial custody.  Thus, we must

determine whether the non-custodial restrictions she alleges constitute a seizure.

      The Third Circuit has held that where a defendant was required "to post a

$10,000 bond, . . . to attend all court hearings[,] . . . to contact Pretrial Services on a

weekly basis . . ., and . . . was prohibited from traveling outside New Jersey and

Pennsylvania . . .[a]lthough it is a close question, . . . these restrictions amounted to a

seizure."  Gallo v. City of Phila., 161 F.3d 217, 222-223 (3d Cir. 1998); see also Johnson

Knorr, 477 F.3d 75, 85, n, 14 (3d Cir. 2007) ("[defendant's] detention in the cell at the

police station for approximately two days until he could 'make bail,' constitutes a

deprivation of liberty").  The Court also found that where plaintiffs "were only issued a

summons; . . . were never arrested; . . . never posted bail; . . . were free to travel; and . . .

did not have to report to Pretrial Services," they were not subject to a "seizure." Dibella,

407 F.3d at 603.

In the present case, Plaintiff alleges that she was arrested and her bail was set at $100,000. She was also required to attend pretrial court proceedings. She does not allege that her travel was restricted or that she was required to report to pretrial services. Considering the Court in Gallo, a case with more non-custodial restrictions, was a "close question," we find that Plaintiff's allegations are insufficient to constitute a seizure for Fourth Amendment purposes. See Lear v. Zanic, 2013 U.S. App. LEXIS 6902, *4, 2013 WL 1363872, *1 ("simply being forced to appear at a trial or pretrial hearings is not sufficient to constitute a deprivation of liberty for a malicious prosecution claim.") (nonprecedential); Penberth v. Krajnak, 347 Fed. Appx. 827, 829 (3d Cir. 2009) (explaining that being arrested and detained for 35 to 40 minutes without being required to post bail, contact pre-trial services regularly, or limit travel was insufficient to constitute a seizure) (nonprecedential). Because Plaintiff has failed to allege the final element of a malicious prosecution claim, we must dismiss her claim.

### C. Abuse of Process

Our January 15, 2013 Memorandum and Order dismissed Plaintiff's abuse of process claim against Defendant. The amended complaint makes no additional allegations regarding this claim. For the reasons set forth in our previous order, we will once again dismiss this claim.

### E. Prosecutorial Immunity

Because we find that Plaintiff has failed to state a claim against Defendant Barker, we need not address whether he is entitled to prosecutorial immunity.

5

*IV.*		*Conclusion*

For the reasons above, Defendant's motion to dismiss will be granted.

Leave to amend the claims against the moving Defendant will be denied as futile. See

Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny

leave to amend if such an amendment would be futile).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA GEBHART,                              :
            Plaintiff                        :
                                             :
            vs.                              :   CIVIL NO. 1:12-CV-1837
                                             :
                                             :
DAVID STEFFEN and                            :
TIMOTHY J. BARKER,                           :
            Defendants                       :
                                             :


*O R D E R*

AND NOW, this 15th day of April, 2013, upon consideration of Defendant's

motion to dismiss the amended complaint (doc. 19), and Plaintiff's response thereto, and

pursuant to the accompanying Memorandum, it is ordered that said motion is GRANTED

and Plaintiff's amended complaint is dismissed with prejudice as to Defendant Barker.


                                   /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge