UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA GEBHART,
    Plaintiff

vs. : CIVIL NO. 1:12-CV-1837

DAVID STEFFEN
    Defendant

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion for judgment on the pleadings filed by Defendant, David Steffen. This matter relates to the criminal prosecution of Plaintiff, Gloria Gebhart. Plaintiff filed the instant action, alleging Defendants, David Steffen and Timothy Barker, maliciously prosecuted her and abused the legal process. On January 15, 2013, we granted Defendant Barker's motion to dismiss the complaint and gave Plaintiff leave to amend. On February 5, 2013, Plaintiff filed an amended complaint. On February 26, 2013, Defendant Barker filed a second motion to dismiss. On March 4, 2013, Defendant Steffen filed an answer to the complaint. On April 15, 2013, we granted Defendant Timothy Barker's motion to dismiss all claims against him.

*II.        Standard of Review*

We are considering Defendant Steffen's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Since the motion argues that the complaint fails to state a claim, we review it under the standard used for motions to dismiss under Fed. R. Civ. P. 12(b)(6). See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Bangura v. City of Philadelphia, 338 F. App'x 261, 264 (3d Cir. 2009) (nonprecedential).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal

2

conclusion couched as a factual allegation. Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

*III.*     *Background*

The following facts are set forth in Plaintiff's amended complaint and are taken as true. See Turbe, 938 F.2d at 428. Defendant David Steffen, a police officer, brought baseless charges against Plaintiff, including corrupt organization, deceptive business practices, theft by deception, and criminal conspiracy to commit theft by deception. Defendant Barker, an Assistant District Attorney for York County, advised Steffen about the charges to bring against Plaintiff. Plaintiff alleges that these charges were brought in retaliation for her son bringing a civil rights action against York County officials. As a result of being charged, Plaintiff was "handcuffed and incarcerated." Her bond was set at $100,000.00. She was ordered to attend all pretrial events and spent tens of thousands of dollars on her legal defense. On November 17, 2010, a jury found Plaintiff not guilty on all charges. Plaintiff filed the instant action, alleging Defendants violated her rights to be free from malicious prosecution and abuse of process.

*IV.     Discussion*

    *A. Malicious Prosecution*

Defendant Steffen argues that Plaintiff fails to state a claim for malicious prosecution. On April 15, 2013, we granted Defendant Barker's motion to dismiss this claim against him, because we found that Plaintiff failed to allege that she was seized. Defendant Steffen contends that this reasoning applies to the claim against him.

> To state a claim for malicious prosecution, a plaintiff must demonstrate:
>
> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in the plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding

DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005) (citation omitted). Malicious prosecution is actionable under 42 U.S.C. § 1983 because "it undermines an individual's right to be free from unreasonable seizures under the Fourth Amendment." Davis v. Malitzki, 451 Fed. Appx 228, 231 (3d Cir. 2011) (nonprecedential). "Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure." Id. at 603. Plaintiff's amended complaint does not allege that she was subject to pretrial custody. Thus, we must determine whether the non-custodial restrictions she alleges constitute a seizure.

The Third Circuit has held that where a defendant was required "to post a $10,000 bond, . . . to attend all court hearings[,] . . . to contact Pretrial Services on a

4

weekly basis . . ., and . . . was prohibited from traveling outside New Jersey and Pennsylvania . . .[a]lthough it is a close question, . . . these restrictions amounted to a seizure." Gallo v. City of Phila., 161 F.3d 217, 222-223 (3d Cir. 1998); see also Johnson Knorr, 477 F.3d 75, 85, n, 14 (3d Cir. 2007) ("[defendant's] detention in the cell at the police station for approximately two days until he could 'make bail,' constitutes a deprivation of liberty").  The Court also found that where plaintiffs "were only issued a summons; . . . were never arrested; . . . never posted bail; . . . were free to travel; and . . . did not have to report to Pretrial Services," they were not subject to a "seizure." Dibella, 407 F.3d at 603.

In the present case, Plaintiff's allegations against Defendant Steffen are identical to the allegations we found insufficient to state a claim against Defendant Barker.  Plaintiff alleges that she was arrested and her bail was set at $100,000.  She was also required to attend pretrial court proceedings.  She does not allege that her travel was restricted or that she was required to report to pretrial services.[1]  Considering the Court in Gallo, a case with more non-custodial restrictions, was a "close question," we find that Plaintiff's allegations against Defendant Steffen are insufficient to constitute

---

[1] In Plaintiff's opposition brief, she asserts that she was required to pay $5,000 to be released on bail, and her travel was restricted to the Commonwealth of Pennsylvania.  However, these allegations do not appear in Plaintiff's Amended Complaint, and they will not be considered. See Commonwealth of Pa. Ex rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)  (finding that a plaintiff's complaint "may not be amended by the briefs in opposition to a motion to dismiss.") (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).

a seizure for Fourth Amendment purposes. See Lear v. Zanic, 2013 U.S. App. LEXIS 6902, *4, 2013 WL 1363872, *1 ("simply being forced to appear at a trial or pretrial hearings is not sufficient to constitute a deprivation of liberty for a malicious prosecution claim.") (nonprecedential); Penberth v. Krajnak, 347 Fed. Appx. 827, 829 (3d Cir. 2009) (explaining that being arrested and detained for 35 to 40 minutes without being required to post bail, contact pre-trial services regularly, or limit travel was insufficient to constitute a seizure) (nonprecedential). Because Plaintiff has failed to allege the final element of a malicious prosecution claim, we must dismiss her claim.

### B. Abuse of Process

Defendant Steffen argues that Plaintiff failed to state a claim for abuse of process. Our January 15, 2013 and April 15, 2013 Orders dismissed this claim against Defendant Barker. Defendant Steffen contends that the reasoning set forth in our January 15, 2013 Order applies to the claim against him.

An abuse of process claim, when brought pursuant to section 1983, "lies where prosecution is initiated legitimately and thereafter is used for a purpose other than intended by the law." Rose v. Bartle, 871 F.2d 331, 350 n. 17 (3d Cir. 1989) (citation and internal quotation omitted). "[T]he gravamen of [a malicious abuse of process claim] is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." Dunne v. Twp. of

Springfield, 2012 U.S. App. LEXIS 20521, *6 (3d Cir. 2012) (quoting Restatement (Second) of Torts § 682 cmt. a (1965)).

Under Pennsylvania state law, abuse of process requires a plaintiff to show that the defendant "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. 1998). "[T]he gist of an action for abuse of process is the improper use of process *after it has been issued*, that is, a perversion of it." McGee v. Feege, 517 Pa. 247, 252, 535 A.2d 1020 (Pa. 1987) (emphasis added).

Plaintiff's amended complaint focuses on injuries she suffered as a result of Defendant Steffen bringing "exaggerated and trumped up charges, without probable cause . . . " (Doc. 17, ¶ 1). She does not allege that, after initiation of the criminal proceedings, Defendant Steffen misused the legal process in any way. For this reason, Plaintiff has failed to state a claim for abuse of process. See Napier v. City of New Castle, 407 Fed. App'x 579, 582 (finding "the initial filing of criminal charges and [plaintiff's] arrest, if improper, would constitute malicious prosecution, not abuse of process.") (non-precedential); McGee, 517 Pa. at 258 (explaining that "the bringing of an action; a malicious or unfounded suit, and the lack of probable cause . . . are factors germane to an action for malicious [prosecution], not to an action for abuse of process.").

### *C. Qualified Immunity*

Because we find that Plaintiff has failed to state a claim against Defendant Steffen, we need not address whether he is entitled to qualified immunity.

*IV.     Conclusion*

For the reasons above, Defendant's motion for judgment on the pleadings will be granted. Plaintiff will be permitted to amend his malicious prosecution claim, but leave to amend will be denied as futile as to the abuse of process claim. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile).

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA GEBHART,  :
    Plaintiff  :
       :
vs.  : CIVIL NO. 1:12-CV-1837
       :
       :
DAVID STEFFEN,  :
    Defendant  :
       :
       :

*O R D E R*

AND NOW, this 27th day of June, 2013, upon consideration of Defendant's motion for judgment on the pleadings (doc. 25), and Plaintiff's response thereto, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's motion (doc. 25) is GRANTED.

    2. Plaintiff may file an amended complaint, on her malicious prosecution claim, within twenty (20) days of the date of this order, if she chooses to do so.

                                          /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge