IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA GEBHART, :
    Plaintiff :
 :
    v. : CIVIL NO. 1:12-CV-1837
 :
DAVID STEFFEN and :
TIMOTHY J. BARKER, :
    Defendants :
 :

*M E M O R A N D U M*

I. *Introduction*

Plaintiff, Gloria Gebhart, filed this civil-rights action against defendants, David Steffen, a Northern York County Regional Police officer, and Timothy J. Barker, a York County assistant district attorney, making claims for malicious prosecution and abuse of process.

We are considering two motions challenging the second amended complaint: (1) a motion to dismiss by defendant Steffen; and (2) a motion to strike by defendant Barker.

II. *Procedural History*

On January 15, 2013, we granted defendant Barker's motion to dismiss the original complaint. We concluded that Plaintiff had failed to state a claim against Barker for the following reasons. On the malicious prosecution claim, Plaintiff had failed to make any allegations of "a deprivation of liberty consistent with the concept of seizure," an

essential element of the claim.  *Gebhart v. Steffen*, 2013 WL 160218, at *2 (M.D. Pa. Jan. 15, 2013).  On the abuse-of-process claim, Plaintiff had failed to allege that Barker had abused legal process in any way after the initiation of legal proceedings, an essential element of that claim.  *Id.*  We granted Plaintiff leave to amend.

Plaintiff filed an amended complaint, adding allegations relevant to her malicious prosecution claim: she was arrested, bail was set at $100,000, and she was required to attend pretrial court proceedings.  On April 15, 2013, we granted defendant Barker's motion to dismiss.  On the malicious prosecution claim, we concluded that the added allegations did not amount to a seizure, so that claim still failed.  *Gebhart v. Steffen*, 2013 WL 1624194, at *2 (M.D. Pa. April 15, 2013).  On the abuse-of-process claim, Plaintiff had not altered the allegations of her original complaint, so that claim was dismissed again.  *Id.* at *3.  Concluding that it would be futile, we refused to allow further amendment of either claim as against Barker.  *Id.*

In the meantime, defendant Steffen had filed an answer to the amended complaint.  He then filed a motion for judgment on the pleadings, arguing that the claims failed as against him for the same reasons they failed as against Barker.  Agreeing with Steffen, on June 27, 2013, we granted his motion.  *Gebhart v. Steffen*, 2013 WL 3279276, at *3 (M.D. Pa. Jun. 27, 2013).  We granted Plaintiff leave to amend the malicious prosecution claim as against Steffen but denied leave to amend as to the abuse-of-process claim.  *Id.* at *4.

Plaintiff filed a second amended complaint, reasserting her claims for malicious prosecution and abuse of process against both Defendants, and adding yet more allegations relevant to the deprivation-of-liberty element on the malicious prosecution claim. Defendant Steffen filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the second amended complaint, and defendant Barker filed a motion under Fed. R. Civ. P. 12(f) to strike the second amended complaint.

III.  *Standard of Review on a Rule 12(b)(6) Motion*

On a Rule 12(b)(6) motion, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a

court "'is not bound to accept as true a legal conclusion couch as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

The Third Circuit has described the Rule 12(b)(6) inquiry as a three-step process:

> First, a court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)(quoted cases omitted).

With this standard in mind, we set forth the background to this litigation, as Plaintiff alleges it in her second amended complaint.

IV.  *Background*

Defendant Steffen, a police officer, brought "exaggerated and trumped up charges, without probable cause," against Plaintiff, (Doc. 36, Second Am. Compl. ¶ 1), specifically, charges of corrupt organization, deceptive business practices, theft by deception, and criminal conspiracy to commit theft by deception.  (*Id.* ¶ 9).  Steffen "brought baseless charges against the plaintiff without probable cause . . ."  (*Id.* ¶ 5).  Defendant Barker, an assistant district attorney for York County, advised Steffen about the charges to bring against Plaintiff and participated in the investigation.  (*Id.* ¶¶ 1 and

11)). Plaintiff alleges that these charges were brought in retaliation for her son's filing of a civil-rights action against York County officials. (*Id.* ¶ 1).

"On or about August 27, 2007, the defendant Steffen filed a criminal complaint against the plaintiff . . ." (*Id.* ¶ 7). "Subsequently plaintiff was handcuffed and incarcerated . . . falsely arrested, and unlawfully seized." (*Id.* ¶ 8). And her bond was set at $100,000. (*Id.*). Consistent with Plaintiff's attempt to inject factual sufficiency into her second amended complaint, she newly alleges as follows:

> 8a. Plaintiffs [sic] travel was restricted. She was not permitted to leave Pennsylvania unless of course she had permission.
>
> 8b. Plaintiff was forced to attend all court hearings of which there were many.
>
> 8c. [P]laintiff was not, based upon her recollection, to report to any nondescript (sic) pretrial service regularly.
>
> 8d. Plaintiff was initially retained for 2 to 3 hours in custody before being arraigned.

(Second Am. Compl. ¶¶ 8a-8d).

Plaintiff then reiterates the allegations in her two previous pleadings. "In the rambling, diffuse, and overbroad affidavit of probable cause filed as part of the criminal complaint against Gloria no definitive or understandable charge was made out with the required specificity." (*Id.* ¶ 10). "[T]he charges against Gloria Gebhart were lacking in probable cause . . . ." (*Id.* ¶ 15). On November 17, 2010, a jury found Plaintiff not guilty on all the charges. (*Id.* ¶ 16).

-5-

V. *Discussion*

  A. *Defendant Steffen's Motion to Dismiss*

Defendant Steffen moves to dismiss the malicious prosecution claim by arguing that: (1) Plaintiff has still not alleged a deprivation of liberty; (2) Plaintiff has failed to allege a lack of probable cause with sufficient factual averments; and (3) Defendant is entitled to qualified immunity.[1]

To state a federal claim for malicious prosecution, a plaintiff must demonstrate:

    (1) the defendants initiated a criminal proceeding;

    (2) the criminal proceeding ended in the plaintiff's favor;

    (3) the proceeding was initiated without probable cause;

    (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and

    (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citation omitted).

    1. *Plaintiff Has Alleged a Deprivation of Liberty Because She Was Arrested and Taken Into Custody For Two to Three Hours*

As noted, Plaintiff adds the following allegations concerning deprivation of liberty that were not present in the original or amended complaints. First, Plaintiff's travel

---

[1] Plaintiff objects that in filing his motion Defendant has failed to comply with certain procedural requirements under the local rules. Since these violations did not affect Plaintiff's ability to respond to the substance of Defendant's argument, we will overlook them this time.

was restricted to the Commonwealth of Pennsylvania. (Second Am. Compl. ¶ 8a). Second, Plaintiff was ordered to attend all pretrial events. (*Id.*, ¶ 8b). Third, Plaintiff was detained for "2 to 3 hours" before her arraignment. (*Id.*, ¶ 8d).

We reject Defendant's argument that Plaintiff has not sufficiently alleged a deprivation of liberty. The allegation that Plaintiff was detained for two to three hours before her arraignment is itself sufficient to satisfy the deprivation-of-liberty element since this would have occurred as a result of Plaintiff's being arrested, handcuffed and "incarcerated." (*Id.* ¶ 8). Defendant argues that this detention is irrelevant since it was only for two to three hours. Actually, it is dispositive because it is in fact a seizure, not just a deprivation of liberty consistent with the concept of seizure. *See Laufgas v. Patterson*, 206 F. App'x 196, 198 (3d Cir. 2006)(nonprecedential)(the plaintiff's arrest and subsequent two hour detention . . . amounted to a seizure within the meaning of the Fourth Amendment" although it could not satisfy the deprivation-of-liberty element of the plaintiff's malicious prosecution claim as the legal proceedings were initiated after the arrest and seizure). *See also Joyce v. City of Sea Isle*, No. 04-CV-5345, 2008 WL 906266, at *13 (D.N.J. Mar. 31, 2008)(being forced to report to a police station for processing in response to an arrest warrant qualifies as a deprivation of liberty for a malicious prosecution claim). We therefore have no occasion to consider whether the non-custodial restrictions on Plaintiff's liberty would be sufficient in combination to satisfy the deprivation-of-liberty element. *See Gallo v. City of Philadelphia*, 161 F.3d 217, 222

(3d Cir. 1998)(listing the non-custodial restrictions on liberty that in that case acted in combination to constitute a seizure of the plaintiff).[2]

### 2. *Plaintiff has Failed to Allege Sufficient Facts to Show a Lack of Probable Cause*

Defendant Steffen also moves to dismiss the malicious prosecution claim on the basis that Plaintiff's allegations on the lack of probable cause have not been sufficiently pled. As previously stated, a malicious prosecution claim requires that Plaintiff have been prosecuted without probable cause. *DiBella*, *supra*, 407 F.3d at 601. As *Twombly* makes clear, Plaintiff must plead enough facts to make her allegations about the lack of probable cause plausible. 550 U.S. at 570, 127 S.Ct. 1955 at 1974. In the present case, Plaintiff's allegations regarding the lack of probable cause are not sufficiently pled; indeed, they are entirely conclusory.

Plaintiff alleges several times that she was prosecuted without probable cause, but always in an entirely conclusory fashion. Thus, she alleges that defendant Steffen "brought exaggerated and trumped up charges, without probable cause, against the plaintiff Gloria Gebhart." (Second Am. Compl. ¶ 1). Plaintiff alleges Steffen "brought

---

[2] We recognize that in our earlier memorandums in this case, we cited *Penberth v. Krajnak*, 347 F. App'x 827, 829 (3d Cir. 2009) (nonprecedential), for the proposition "that being arrested and detained for 35 to 40 minutes without being required to post bail, contact pre-trial services regularly, or limit travel was insufficient to constitute a seizure." *Gebhart*, *supra*, 2013 WL 3279276, at *3. However, a closer reading of the Third Circuit's opinion in that case indicates that the court of appeals never said that the 35- to 40-minute detention followed an arrest. In fact, as shown by the district court opinion, the plaintiff in *Penberth* had never been arrested or taken into custody by the police but had instead voluntarily appeared before the magisterial district judge after the criminal complaint had been filed. *Penberth v. Krajnak*, No. 06-CV-1023, 2008 WL 509174, at *16, 18 (M.D. Pa. Feb. 21, 2008).

-8-

baseless charges against the plaintiff without probable cause . . ." (*Id.* ¶ 5).  Plaintiff avers that "[i]n the rambling, diffuse, and overbroad affidavit of probable cause filed as part of the criminal complaint against Gloria no definitive or understandable charge was made out with the required specificity." (*Id.* ¶ 10).  Plaintiff further avers that "the charges against [Plaintiff] were lacking in probable cause . . ." (*Id.* ¶ 15).

Relying solely on these conclusory allegations, Plaintiff has failed to allege a lack of probable cause to support a claim for malicious prosecution under *Twombly*.  As such, Plaintiff's claim for malicious prosecution against Steffen fails and will be dismissed.

### B. *Defendant Barker's Motion to Strike Under Fed. R. Civ. P. 12(f) and Plaintiff's Repleading of Claims That Have Been Dismissed*

Defendant Barker filed his motion to strike because the second amended complaint reiterated the claims against him for malicious prosecution and abuse of process even though our order of April 15, 2013, dismissed those claims as lacking in merit, and specifically prohibited further amendment, as against him, because it would have been futile.

Rule 12(f) authorizes a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  We will not grant the motion because dismissed claims are often repleaded in an amended complaint from a mistaken belief that they must be repled to preserve them for appellate review.  *See Serritella v. Markum*, 119 F.3d 506, 512 n.6 (7th Cir. 1997).  We will, however, once again dismiss the

malicious prosecution claim and abuse-of-process claim as against Barker for the reasons given in our memorandum of April 15, 2013.[3] *Gebhart v. Steffen*, 2013 WL 1624194. We will also dismiss the abuse-of-process claim as against Steffen because Plaintiff had also not been given leave to amend that claim either. *Gebhart v. Steffen*, 2013 WL 3279276, at *4 (M.D. Pa. Jun. 27, 2013).

VI. *Conclusion*

We must decide whether to permit amendment. We must grant leave to amend a civil-rights claim even if a plaintiff does not request it and even if she is represented by counsel. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Defendant Steffen argues that we should not grant leave to amend. However, because we cannot say at this time that amendment would be futile, and because this is the first opportunity for Plaintiff to amend the malicious prosecution claim to allege sufficient facts as to lack of probable cause, we will grant leave to file a third amended complaint, but only on the malicious prosecution claim.[4] Additionally, since Plaintiff has cured the deficiency in the deprivation-of-liberty element, the basis for

---

[3] We note that Plaintiff did not have to replead her claims against Barker to preserve them for appellate review after we dismissed them for futility. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007)("We believe the proper rule allows plaintiffs to appeal dismissals despite amended pleadings that omit the dismissed claim *provided* repleading the particular cause of action would have been futile.")(emphasis in original)(footnote omitted). We observe that, for a claim it would not have been futile to amend, a plaintiff could "stand" on her claim, in ways described by the Third Circuit. *Id.* at 517.

[4] Steffen also made other arguments in his motion to dismiss. We will not rule on these arguments at this time, and Defendant can raise them later. We should first see if Plaintiff can plead a valid malicious prosecution claim.

-10-

dismissing the claim as against defendant Barker, we will permit her to name Barker on any amended malicious prosecution claim.

We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: October 16, 2013